IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| vs. | * | CR 106-005 |
| | * | |
| DAVID LEE CUNNINGHAM | * | |

**O R D E R**

In the captioned criminal matter, Defendant David Lee Cunningham pled guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). At his sentencing hearing of February 2, 2007, it was determined that his advisory guideline range was 140 to 175 months imprisonment. Defendant was sentenced at the lower end of the range to 144 months imprisonment.

Following the promulgation of Amendment 706 by the United States Sentencing Commission, which adjusted the base offense level of the sentencing guidelines assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels,[1] Defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). On March 13, 2009, this Court granted Defendant's motion to reduce sentence pursuant to Amendment

---

[1] See U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).

706. The Court first determined that the adjusted guideline range was 120 to 150 months and then reduced Defendant's sentence in the middle of the range to 132 months in prison.

At present, Defendant has filed a motion for reconsideration of the March 13, 2009 Order, asking the Court to sentence him at the low end of the new guideline. The reduction of sentence under 18 U.S.C. § 3582(c)(2) is a matter within this Court's sound judicial discretion. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce sentence is discretionary."). In considering Defendant's motion to reduce, the Court considered the seriousness of the offense and the relevant factors under 18 U.S.C. § 3553(a), specifically deterrence and punishment. A sentence below 132 months is not warranted by the facts of this case. Accordingly, Defendant's motion for reconsideration (doc. no. 38) is **DENIED**.

The Court notes that Defendant filed a Motion for Specific Performance on February 24, 2009, in which he demands that the United States file a motion to reduce his sentence under Federal Rule of Criminal Procedure 35(b). Because the Government filed said motion on March 20, 2009, Defendant's motion for specific performance (doc. no. 35) is **DENIED AS**

AO 72A
(Rev.8/82)

**MOOT.** The pendency of the Rule 35 motion has had no effect upon this Court's consideration of Defendant's instant motion for reconsideration of the Order of March 13, 2009, reducing Defendant's sentence. Indeed, the Rule 35(b) motion will be considered independently in due course. The Court further notes that Defendant recently filed a Disclosure of Information pertinent to the Government's Rule 35(b) motion and assures Defendant that it will be taken under advisement when the Rule 35(b) motion is considered.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2009.

UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)